**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Scott Terry, | No. CV-12-0888-PHX-FJM |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 13), first supplemental response (doc. 20), and second supplemental response (doc. 28), petitioner's reply to first supplemental response (doc. 24), and reply to second supplemental response (doc. 31). We also have before us the Report and Recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 32), and petitioner's objections (doc. 33).

**I**

On November 4, 2008, petitioner was indicted in state court on one count of aggravated assault, a class 3 dangerous felony. The evidence indicated that following an argument, petitioner approached the victim while she was sitting in a parked car. Carrying two knives, petitioner is alleged to have repeatedly stabbed the victim's car, slashed a tire and

1 threatened to kill her. After a two-day trial, petitioner was convicted by a jury as charged. 2 Petitioner, having had two prior felony convictions, was sentenced to a minimum term of 3 11.25 years imprisonment.

4 On April 27, 2012, petitioner filed the instant habeas petition, asserting six grounds 5 for relief: (1) violation of his constitutional right to a fair trial when the victim was 6 "coaching" witnesses; (2) violation of his constitutional right to a fair trial when the 7 prosecutor impeached a defense witness with her prior statement to a 911 operator, although 8 the operator was not available for cross-examination; (3) violation of federal due process 9 when the trial court failed to inform petitioner of his rights under Boykin v. Alabama, 395 10 U.S. 238 (1969); (4) ineffective assistance of counsel at trial, on direct appeal, and during 11 post-conviction proceedings in violation of Sixth Amendment rights; (5) violation of federal 12 due process when his mental competency was not evaluated; and (6) violation of federal due 13 process because no black jurors served on his jury.

## II

15 We first agree with the Magistrate Judge's conclusion that petitioner failed to properly 16 exhaust grounds 1 and 3 through 6. In each case, petitioner failed to fairly present his federal 17 claims to the Arizona Court of Appeals. These unexhausted claims are now procedurally 18 defaulted. Therefore, petitioner may not obtain federal habeas relief on these claims absent 19 a showing of cause and prejudice sufficient to excuse the default. Reed v. Ross, 468 U.S. 1, 20 11, 104 S. Ct. 2901, 2908 (1984).

21 Petitioner has raised ineffective assistance of counsel as cause to excuse his 22 procedural default. After a thorough evaluation, the Magistrate Judge concluded that none 23 of petitioner's claims of ineffectiveness of counsel constitute cause. After *de novo* review 24 of each of these claims, we also conclude that petitioner's claims of ineffective assistance of 25 counsel do not constitute cause to excuse his procedurally defaulted claims.

26 Petitioner also asserts broad claims of actual innocence, but he makes no showing that 27 "it is more likely than not that no reasonable juror would have convicted him in light of the 28 new evidence" presented in his habeas petition. Schlup v. Delo, 513 U.S. 298, 327, 115 S.

Ct. 851, 867 (1995).

We conclude that petitioner has failed to properly exhaust his state remedies on the claims presented in grounds 1 and 3 through 6, and these claims are now procedurally defaulted. We also conclude that petitioner has failed to demonstrate cause and prejudice or actual innocence to excuse the defaults. Therefore, we agree with the Magistrate Judge that these claims must be dismissed with prejudice.

### III

The Magistrate Judge concluded that the only claim that was properly exhausted is the Confrontation Clause claim presented in ground 2. Petitioner argues that he was denied his right to a fair trial in violation of the Confrontation Clause when the trial court allowed a defense witness, petitioner's girlfriend, to be impeached with her own prior statements to the 911 operator, although the 911 operator was not made available for cross-examination.

Neither the 911 recording nor the statements by the 911 operator were offered at trial, and therefore are not at issue here. The witness was only asked about her own statements to the 911 operator. This is not hearsay. The witness was fully competent to testify as to her own statements without the admission of the 911 transcript or the availability of the 911 operator. We agree with the Magistrate Judge that these statements were not hearsay subject to the Confrontation Clause. Therefore, ground 2 is without merit and is denied.

### IV

After *de novo* consideration of each of the claims presented in the habeas petition, we accept the recommended decision of the United States Magistrate Judge pursuant to Rule 8(b), Rules Governing § 2254 Cases. Therefore, **IT IS ORDERED DENYING** and **DISMISSING WITH PREJUDICE** the petition for writ of habeas corpus (doc. 1).

Because petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, **IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

1  DATED this 12th day of August, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge

- 4 -